UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

08 MAY 23  AM 9: 50

'08 MJ1619

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )  Magistrate Docket No. |
| Plaintiff, | ) |
| | )  **COMPLAINT FOR VIOLATION OF:** |
| v. | ) |
| | )  Title 8, U.S.C., Section 1326 |
| **Manuel GOMEZ-Gomez,** | )  Deported Alien Found in the |
| | )  United States |
| | ) |
| Defendant | ) |
| | ) |

The undersigned complainant, being duly sworn, states:

On or about **May 21, 2008** within the Southern District of California, defendant, **Manuel GOMEZ-Gomez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **23rd** DAY OF **May, 2008**

_____
Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:                                                    *L P V*
Manuel GOMEZ-Gomez

## PROBABLE CAUSE STATEMENT

On May 21, 2008, at approximately 4:05 p.m., Border Patrol Agent G. Gomez responded to a seismic intrusion device in the area of Smith Canyon, near Campo California. This area is approximately ten miles east of the Tecate, California Port of Entry and one mile north of the United States/ Mexico International Boundary.

Upon arriving in the area, Agent Gomez found fresh footprints heading north and followed them. Agent Gomez found three individuals attempting to conceal themselves in the thick brush. Agent Gomez identified himself as a Border Patrol Agent and questioned the three individuals as to their citizenship and nationality. Each individual admitted to being citizens and nationals of Mexico without having any immigration documents allowing them to be or remain in the United States legally. The three individuals admitted that there were two more individuals that ran away when they saw the Agent approaching the group. All three individuals were arrested and transported to the Campo Border Patrol Station for processing.

Approximately three to four hours later, Agent R. Placencia responded to a seismic intrusion device in the area of Smith Canyon. Agent Placencia followed the footprints and encountered two individuals attempting to hide. Agent Placencia identified himself as a Border Patrol Agent and questioned the two individuals as to their citizenship status. Both individuals admitted to being citizens and nationals of Mexico without proper immigration documents allowing them to be or remain in the United States legally. One of the two individuals was later identified as the defendant **Manuel GOMEZ-Gomez,** and said that his three companions where arrested earlier in the same location. At approximately 7:50 p.m., the defendant and the other individual were arrested and transported to the Campo Border Patrol Station for processing.

Routine record checks of the defendant revealed an immigration history. The defendant's record was determined by a comparison of his immigration record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **March 10, 2008** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights which he stated he understood and was willing to answer questions without having an attorney present. The defendant admitted to being a citizen and national of Mexico without any immigration documents to be in or remain in the United States legally